IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| NATASHA L. CUNNINGHAM, # 268169, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.: 1:19-CV-396-ECM |
| | ) | [WO] |
| DEIDRA WRIGHT, *et al.,* | ) | |
| | ) | |
| Respondents. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.  INTRODUCTION

This case is before the court on Natasha L. Cunningham's *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) Cunningham, an Alabama prisoner, presents claims challenging her January 2019 Houston County convictions and resulting 4-year prison sentence for controlled substance offenses. She presents various claims of trial court error, including the improper admission of bad-acts evidence and the erroneous denial of her motion to suppress the State's evidence. (Doc. 1 at 5–8.) Respondents assert that Cunningham has not exhausted her state court remedies regarding her claims, as her case is currently on direct appeal. (Doc. 13.)

## II.  DISCUSSION

A petition for writ of habeas corpus filed by a person in custody under the judgment of a state court "shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State." 28 U.S.C. § 2254(1)(b)(1)(A); *see O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999) ("Federal habeas relief is available

to state prisoners only after they have exhausted their claims in state court. 28 U.S.C. §§ 2254(b)(1), (c).”). “An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented.” 28 U.S.C. § 2254(c). To exhaust state remedies, “state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State’s established appellate review process.” *O’Sullivan, supra*, 526 U.S. at 845. The same reasoning applies for state post-conviction appeals and for direct appeals. *Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003).

The pleadings and evidentiary materials in this case reflect that Cunningham has not exhausted her state court remedies regarding the claims in her § 2254 petition. Her case is pending on direct appeal in the Alabama Court of Criminal Appeals, where she has presented the same claims she presents in her § 2254 motion. (*See* Doc. No. 13-3.) To exhaust her claims, if she does not prevail in the Court of Criminal Appeals, Cunningham must pursue them in a petition for writ of certiorari filed with the Alabama Supreme Court. *See Barnett v. Daniels*, 2017 WL 3611726, at *3 (M.D. Ala. 2017) (“In Alabama, a complete round of the established appellate review process [on direct review] includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing to that court, and a petition for discretionary review—a petition for a writ of certiorari—filed in the Alabama Supreme Court.”) This court does not deem it appropriate to rule on Cunningham’s claims without first requiring that she exhaust her available state court

remedies. Her § 2254 petition should be dismissed without prejudice to allow her to exhaust those remedies.

## III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DISMISSED WITHOUT PREJUDICE to allow Cunningham to exhaust her state court remedies.

It is further

ORDERED that on or before October 11, 2019, the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.,* 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 27th day of September, 2019.

_/s/ Wallace Capel, Jr._____
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE